**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

LINDA S. ALLEN,            )
                           )
    Plaintiff,             )     No. 04-1262
                           )
v.                         )
                           )
JOHN E. POTTER,            )
                           )
    Defendant.             )

### O P I N I O N   A N D   O R D E R

Before the Court is a Bill of Costs [Doc. 50] in which Defendant requests $969.45 in costs.  For the following reasons, Defendant is GRANTED $969.45 in costs.

Plaintiff brought a claim of employment discrimination against Defendant alleging that she was the victim of retaliatory and race based discrimination.  This Court entered summary judgment in Defendant's favor.  Now, Defendant seeks costs for the expenses incurred in obtaining transcripts for four depositions.

The law regarding assessing costs is clear.  "The prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption." McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994) (emphasis added) (citations omitted).  This "presumption [favoring the award of costs] is difficult to overcome, and the district court's discretion is narrowly confined--the court must award costs unless it states good reasons for denying them."  Weeks v.

<u>Samsung Heavy Indust. Co. Ltd.</u>, 126 F.3d 926, 945 (7th Cir. 1997).

Plaintiff objects to the Bill and argues that Defendant did not file an appeal challenging this Courts ruling on the Motion for Summary Judgment. When this Court granted Defendant summary judgment this Court was silent on the issue of costs. Plaintiff seems to believe that when ruling on the Motion for Summary Judgment, this Court's silence means that Defendant was denied costs and Defendant should have appealed this Court's ruling.

This Court's silence on the issue is not a grant or denial of costs. Instead, this Court's silence is part of the regular practice of this Court. While it is presumed that a victorious party is entitled to costs, this Court is not in the business of informing parties of their right to costs when ruling at the summary judgment stage.[1] Parties must at least request costs in order to receive them. Furthermore, the local rules provide that a bill of costs shall be filed within thirty days of entry of final judgment. Local Rule 54.1(A). A ruling on summary judgment in which this Court is silent on the issue of costs cannot be the final word on costs since a bill of costs is to be submitted after the court's entry of judgment. Accordingly,

---

[1] In addition, because a losing party can threaten to appeal and a victorious party can threaten to assess costs, this stage provides a good opportunity for the parties to settle their differences and avoid additional litigation.

Defendant was not required to appeal the order in which they were granted summary judgment in order to obtain costs.

Next, Plaintiff argues that Defendant is not entitled to the costs of the deposition transcripts in this case. Costs are recoverable if they are both reasonable and necessary to the litigation. <u>Cefalu v. Village of Elk Grove</u>, 211 F.3d 416, 427 (7th Cir. 2000). Costs that are incurred merely for the convenience of the prevailing party may not be recovered. <u>Barber v. Ruth</u>, 7 F.3d 636, 645 (7th Cir. 1993).

In the case at bar, the costs for the deposition transcripts were both reasonable and necessary to the litigation. Three of the deposition transcripts were from depositions set by Plaintiff. A party cannot demand that a deposition be taken and select the court reporter only to later contend that the deposition was not necessary and the costs are excessive. <u>Haroco, Inc. v. Am. Nat. Bank and Trust Co. of Chicago</u>, 38 F.3d 1429, 1441 (7th Cir.1994). The fourth deposition in this case was Plaintiff's own deposition. The deposition of the plaintiff in an employment discrimination suit is undoubtedly necessary to defend the suit.

Accordingly, this Court finds that the costs put forward by Defendant are both reasonable and necessary and shall be assessed against Plaintiff.

IT IS THEREFORE ORDERED that the Clerk shall enter an Amended Judgment against Plaintiff showing that $969.45 is assessed in costs against Plaintiff.

ENTERED this  17th  day of December, 2007.

                                                   s/Joe Billy McDade
                                                    Joe Billy McDade
                                      United States District Judge